14-4099
Liu v. Lynch

BIA
Nelson, IJ
A087 652 071

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

HUAGUI LIU,
> *Petitioner,*

> v.                                          14-4099
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General, Civil
                       Division; Douglas E. Ginsburg,
                       Assistant Director; Deitz P. Lefort,
                       Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huagui Liu, a native and citizen of China, seeks review of an October 10, 2014, decision of the BIA affirming a July 10, 2013, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huagui Liu,* No. A087 652 071 (B.I.A. Oct. 10, 2014), *aff'g* No. A087 652 071 (Immig. Ct. N.Y. City Jul. 10, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotations marks and citation omitted). The applicable standards of review are well established. *See*

8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

As the Government correctly argues, Liu has waived any challenges to the agency's credibility finding or well-founded fear determination. Liu's brief contains a heading that refers to his credibility, but what follows lacks any argument about this case. This is insufficient to challenge the credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Liu has preserved only a challenge to the agency's corroboration finding.

Given the IJ's adverse credibility determination, the agency properly considered Liu's lack of corroborating evidence. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

A letter from Liu's wife was entitled to minimal weight because it was prepared for purposes of litigation, it was not notarized, and the author was an interested party. *Y.C. v.*

3

*Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The IJ reasonably gave diminished weight to a detention certificate because, unlike other documents, Liu failed to authenticate it by any means. Although the agency may err in rejecting a government document based solely on a failure to satisfy the authentication regulations, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), it does not err where, as here, it discounts documentary evidence for failure to authenticate by any means and there are "legitimate concerns" about the applicant's credibility, *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007).

The agency also reasonably considered Liu's failure to provide any documentation from his Chinese church, the hospital that treated him for his stomach ailment, or the police. *Xiao Ji Chen*, 471 F.3d 315, 341 (2d Cir. 2006). The IJ's corroboration finding was supported by substantial evidence. *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

Liu has waived any challenge to the IJ's adverse credibility determination and failed to meet his burden with

corroborating evidence, and so the agency did not err in denying asylum. 8 U.S.C. § 1158(b)(1)(B)(ii). As all of Liu's claims share the same factual predicate, the burden finding is dispositive of asylum, withholding of removal, and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5